OPINION
Appellant Amy Condos appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted custody of her three minor children to the Stark County Department of Job 
Family Services ("Department.") The following facts give rise to this appeal. On February 11, 1999, the Department filed a complaint alleging abuse and seeking temporary custody of appellant's three minor children: Demarcus, Brooklyn and Desmond Redrick. The complaint alleged that appellant's boyfriend and other friends abused the children. On April 22, 1999, the trial court found Brooklyn to be dependent and Demarcus and Desmond to be abused. Appellant stipulated to these findings. The trial court awarded temporary custody of the children to the Department and placed the children in foster care. Thereafter, appellant was provided with a case plan. On November 17, 1999, appellant pled guilty to three counts of misdemeanor child endangering stemming from the facts of this case. The trial court placed appellant on probation for two years. On December 16, 1999, the Department filed a motion for permanent custody. Appellant filed a motion for change of legal custody, of the three minor children, to their maternal grandmother Deborah Austin. The trial court conducted the permanent custody trial on April 25, 2000. On May 24, 2000, the trial court filed Findings of Fact and Conclusions of Law granting the Department's motion for permanent custody. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO HOLD THE BEST INTEREST PHASE OF THE PERMANENT CUSTODY TRIAL BEFORE GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY OVERRULING APPELLANTS (SIC) MOTION FOR A CHANGE OF LEGAL CUSTODY WITHOUT CONSIDERING THE BEST INTERESTS OF THE CHILDREN.
 III. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO BASE ITS FINDINGS OF FACTS ON THE EVIDENCE PRESENTED AT TRIAL.
 IV. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 V. THE DECISION OF THE TRIAL COURT OVERRULING APPELLANTS (SIC) MOTION FOR A CHANGE OF LEGAL CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 I
In her First Assignment of Error, appellant contends the trial court erred when it failed to conduct the best interest phase of the permanent custody trial before granting permanent custody of her three minor children to the Department. We agree. The record indicates that the trial court conducted a hearing on the Department's motion for permanent custody on April 25, 2000. On May 24, 2000, the trial court filed a notice of hearing for the best interest phase of the trial, to be conducted on August 2, 2000. However, on this same date, May 24, 2000, the trial court also filed its judgment entry granting permanent custody of the children to the Department. We have previously addressed this issue in the cases of In Re Lewis Children (June 15, 1998), Stark App. No. 1997CA00251, unreported and In Re Wallace Children (Dec. 30, 1997), Stark App. No. 1997CA00033, unreported. In both of those cases, we held that "* * * based upon a reading of R.C.2151.414, a trial court must conduct the hearing provided for in section (A) of the statute before it can terminate parental rights and grant permanent custody to the Agency." Lewis at 2, citing Wallace at 5. Accordingly, appellant's First Assignment of Error is sustained.
We will not address appellant's Second, Third, Fourth and Fifth Assignments of Error as they are moot based on our disposition of appellant's First Assignment of Error. For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion. Upon remand, the trial court shall conduct the best interests hearing, issue a judgment entry and make its determination regarding the termination of parental rights and grant of permanent custody based upon the status of the evidence presented at the permanent custody hearing and best interests hearing.
By: Wise, J. Gwin, P.J., concurs.
Hoffman, J., concurs separately.